## EXHIBIT A
## DECLARATION OF BRENDAN GRACE IN SUPPORT OF VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

I, Brendan Grace, Special Agent with the Drug Enforcement Administration ("DEA") do hereby declare:

### Introduction and Agent Background

1. I am employed as a Special Agent with the DEA and have been so employed since May 2020. I am currently assigned to the High Intensity Drug Trafficking Area ("HIDTA") Group 51 of DEA's Baltimore District Office.

2. As part of my employment with DEA, I attended the Basic Agent Training Program, a residential program that included academic instruction in the basics of report writing, law, firearms, surveillance techniques, interview and interrogation techniques, automated information systems, drug identification, defensive tactics, as well as leadership and ethics. I have also participated in the execution of search and seizure warrants yielding drugs, currency, and firearms.

3. Through my training, education, experience, and the experience of those with whom I work, I have become familiar with street sales of illicit drugs; the use of "stashes" and "stash houses"; the prices, quantities, and packaging of illicit drugs; the use of couriers in the distribution of illicit drugs; the methods and modes of communication, and counter-surveillance techniques employed by drug traffickers; language, terminology, traits, actions, and codes used by drug traffickers; the manufacturing and processing of controlled dangerous substances; and methods of asset concealment utilized by dealers of illicit drugs.

4. Through my training and experience, I am also aware that drug traffickers commonly utilize vehicles to pick up and deliver controlled dangerous substances ("CDS"); meet

with CDS customers, sources, and co-conspirators; and transport CDS and proceeds to stash locations and transport money to suppliers or third parties to pay for the CDS.

### Purpose of This Declaration

5. This Declaration is submitted in support of the Verified Complaint for Forfeiture *In Rem* of approximately $206,875 in U.S. Currency (Asset ID: 23-DEA-702655, the "Defendant Property"), seized from the vehicle of Curtis Lamonte Phillips on or about May 3, 2023.

6. I submit that there are sufficient facts to support a reasonable belief that the Defendant Property constitutes: (1) moneys furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; or (3) moneys used or intended to be used to facilitate a violation of the Controlled Substances Act in violation of 21 U.S.C. § 841, and thus is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

### Summary of the Investigation

7. Since in or around May 2023, members of the DEA have been conducting an investigation into the illicit narcotics distribution scheme of Curtis Lamont Phillips ("PHILLIPS") and his co-conspirators within their drug trafficking organization ("DTO").

8. As part of that investigation, on or around May 2, 2023, I and other investigators conducted surveillance on PHILLIPS at 3 Gondola View Court in Woodstock, Maryland (the "Gondola View Premises"), which I understand to be PHILLIPS' residence. During the course of surveillance, investigators observed a silver Tesla bearing Maryland license plate 51979CH leave and return to the Gondola View Premises multiple times (the "Tesla"). Maryland Vehicle

Authority records reflect that the Tesla is registered to PHILLIPS and has a registered address of the Gondola View Premises

9. At approximately 5:30 p.m. on May 2, 2023, I observed the Tesla leave the Gondola View Premises and drive to a parking lot in Owings Mills, Maryland. At the parking lot, investigators observed the Tesla park near a white Lexus bearing Maryland license plate 1EV8599 (the "Lexus"). When the Tesla parked, the door of the Lexus was open, and an unidentified person was standing close to the Tesla. Shortly after the Tesla parked, the unidentified person re-entered the Lexus.

10. While traveling to and from the parking lot, investigators observed that the driver of the Tesla executed a number of erratic driving maneuvers, including by making frequent stops to let several cars pass. This manner of driving is consistent with maneuvers criminals use to detect and/or thwart law enforcement surveillance of a vehicle.

11. At approximately 3:57 p.m. the following day (May 3, 2023), officers of the Maryland State Police ("MSP") executed a traffic stop on the Tesla for driving with a suspended vehicle registration. During the routine course of the stop, MSP positively identified PHILLIPS as the driver of the Tesla and conducted a scan of the Tesla using a police-certified K-9 unit trained in the detection of cocaine, heroin, methamphetamine, and ecstasy.[1] This scan resulted in a positive alert for the odor of narcotics.

12. Following the positive alert, MSP searched the car and seized the Defendant Property of approximately $206,875 in U.S. currency, the majority of which was located in a cooler stored in the Tesla, and approximately $10,000 of which was located in the center console of the

---

[1] The K-9 unit has been proven reliable in the detection of narcotics and was most recently certified in April 2023.

Tesla. Officers also seized a scale, resealable plastic bags, and several "kilo wrappers" that later tested positive for cocaine residue.

13. Also on or around May 3, 2023, Maryland Circuit Court Judge Michael S. Barranco signed a search and seizure warrant for the Gondola Premises. Investigators, including myself, executed the search and seizure warrant at approximately 5:30 p.m. on May 3, 2023. During the course of the search, investigators received PHILLIPS' consent to search multiple other vehicles on the property, including a 2007 4500 GMC truck (the "GMC").

14. During the search of the GMC, I seized multiple heat-seal bags containing what appeared to be marijuana and a plastic bag containing a white, rock-like substance. Subsequent testing conducted by the DEA's Mid-Atlantic Laboratory in Largo, Maryland confirmed that the white, rock-like substance in the plastic bag was approximately 112.38 grams of cocaine.

## Conclusion

15. Based on the foregoing facts and my training and experience, I maintain there is probable cause to believe that the Defendant Property seized from the vehicle of Curtis Lamonte Phillips on or about May 3, 2023 constitutes: (1) moneys furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; or (3) moneys used or intended to be used to facilitate a violation of the Controlled Substances Act in violation of 21 U.S.C. §§ 841, and thus is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 3rd day of November, 2023.

*[signature]*

Brendan Grace
Special Agent
Drug Enforcement Administration